**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0214n.06
Filed: March 28, 2006

**05-5116**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| GARY ALLEN BLANTON, | ) | EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

Before: DAUGHTREY and GILMAN, Circuit Judges, and RUSSELL,[*] District Judge.

**PER CURIAM.** The defendant, Gary Allen Blanton, appeals from the imposition of a 151-month prison sentence following his guilty plea to the charge of bank robbery. He contends that the district court erred in subjecting him to increased punishment as a career offender based upon two prior felony convictions for burglary. At the sentencing hearing, however, the defendant expressly conceded that the crimes used to enhance his sentence were "crimes of violence." As a result, we hold that this issue has been waived, and we affirm the district court's sentencing order.

---

[*]The Hon. Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

The defendant pleaded guilty to a single-count indictment charging him with taking approximately $13,000 by force, violence, and intimidation from a federally insured bank. As part of a plea agreement, the defendant and the government stipulated that the proper base offense level for the crime of conviction under the appropriate sentencing guideline was 20. The plea agreement, however, explicitly provided that "[n]o agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4." Furthermore, although the defendant explicitly waived his right to appeal the conviction or the sentence or to attack the guilty plea collaterally, the government conceded in open court that any issue concerning Blanton's potential career-offender status "would be an issue that would be appropriate to not include in the waiver."

In preparing its pre-sentence report for the district court, the probation office noted that Blanton had previously been convicted of burglaries of dwellings in January 1989 in Kentucky, and May 1991 in Virginia. Because those convictions were for "crimes of violence," as that term is defined in § 4B1.2 of the 2003 United States Sentencing Guidelines Manual, the report recommended that the defendant be sentenced as a career offender. *See* U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(b) (2003). As a result, instead of a sentence of 63-78 months as an offense level 20, criminal history category V offender, Blanton was subject to a sentence of 151-188 months as an offense level 29, criminal history category VI offender.

At the sentencing hearing, the district judge concurred with the probation office's assessment and ruled that the two burglary convictions were in fact "crimes of violence." *See* U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(a)(2) (2003). Furthermore, the court ruled that even though the Kentucky conviction was imposed more than 15 years before the commission of the February 2004 bank robbery, that earlier conviction could still be used to support a career-offender designation because the defendant's parole status following his release had been revoked and he had actually served additional prison time within the 15-year period immediately preceding the commission of the bank robbery. *See* U.S. SENTENCING GUIDELINES MANUAL § 4A1.2(e)(1) (2003). Having reached those conclusions, the district judge sentenced Blanton as a career offender to the minimum 151-month sentence provided by the applicable guideline range.

In his appellate brief, the defendant raises only a single issue – whether the district court properly considered the 1991 Virginia conviction to be a "crime of violence" for purposes of determining the proper sentencing range under the guidelines. During the sentencing hearing, however, the defendant's attorney challenged only whether the 1989 Kentucky conviction was within the time frame applicable to the career-offender determination. Indeed, defense counsel at sentencing specifically conceded that both of Blanton's prior burglary convictions "would otherwise qualify as crimes of violence for purposes of the guidelines."

In *United States v. Sloman*, 909 F.2d 176, 182 (6th Cir. 1990), we noted that "[a]n attorney cannot agree in open court with a judge's proposed course of conduct and then charge the court with error in following that course." Blanton has thus waived any objection he might have to the district judge's determination that the Virginia burglary conviction should be considered, for guidelines purposes, a prior conviction for a "crime of violence."

The judgment of the district court is AFFIRMED.